# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **CLAUDE E. TAYLOR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 1:05-CV-128-TCM ) |
| **TOMMY GREENWELL and BRADLEY SWIMS,** | ) ) ) |
| **Defendants.** | ) ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Claude E. Taylor (CIN: 489904194) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on August 8, 2005. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $29.79, and an average monthly account balance of $7.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.96, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a pretrial detainee presently incarcerated at the Pemiscot County Justice Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Defendants are Tommy Greenwell (sheriff) and Bradley Swims (jail administrator). Plaintiff alleges that defendants have engaged in religious, ethnic and gender discrimination in that they have allowed other inmates to marry but have not allowed him to do so. Specifically, he states that a female inmate and a Muslim inmate were allowed "to marry their mates," but he, an African-American Christian male, has not been allowed to marry the mother of his son. Plaintiff also alleges a laundry list of conditions and restrictions of confinement claims, including no outdoor recreation, nothing in the recreation room, no caseworkers or social workers, no weekday visitation, restricted availability of items in the commissary, no smoking and no "real" breakfast or dinner.

**Discussion**

As a threshold matter, the Court considers whether defendants Greenwell and Swims may be found liable for the alleged violations of plaintiff's constitutional rights. Clearly, defendants may not be held liable on the basis of their status as sheriff and jail administrator. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (per curiam). Analogously, the sheriff and jail administrator may be held liable for policy decisions that create unconstitutional

conditions. The Court cannot discredit the possibility that defendants Greenwell and Swims were responsible for the policy decisions that created the conditions alleged by plaintiffs to be unconstitutional. *See id.* Thus, defendants Greenwell and Swims may be proper defendants in this matter.

### A. Right to marry.

In *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254 (1987), the Supreme Court concluded that prisoners have a constitutionally protected right to marry. 482 U.S. at 96, 107 S.Ct. at 2265. While the Court considered that legitimate security concerns might require some restrictions on an inmate's right to marry, it found that the right to marry could be accommodated "while imposing a *de minimis* burden on the pursuit of security objectives." *Id.* at 97-98, 107 S.Ct. at 2266.

Thus, plaintiff's claim against defendants Greenwell and Swims regarding the violation of his constitutionally protected right to marry survives review under § 1915(e)(2)(B) and should not be dismissed at this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Greenwell and Swims reply to the complaint.

### B. Conditions and restrictions.

Because plaintiff's claims arose while he was a pretrial detainee, they are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *see also Owens v. Scott County Jail*, 328 F.3d 1026 (8th Cir. 2003) (applying Eighth Amendment "deliberate indifference" standard to pretrial detention to determine if it unconstitutionally punitive). For the conditions and restrictions placed upon plaintiff to violate his due process rights, they must constitute punishment. *Cf. id.* at 536-39 (condition of

4

pretrial detention that is reasonably related to legitimate government interests does not amount to punishment);

### 1. Lack of recreation equipment and outdoor exercise.

To prevail on a claim alleging deprivation of adequate exercise, plaintiff must show that the prison officials were deliberately indifferent to his exercise needs. *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991). "Courts in the Eighth Circuit have held that at least one hour of exercise outside the cell each day is required in order to comply with the eighth amendment." *Andrews v. Gunter*, 1987 WL 54372, *3 (D.Neb.1987) (citing *Hutchings v. Corum,* 501 F.Supp. 1276, 1294 (W.D. Mo.1980); *Campbell v. Cauthron,* 623 F.2d 503, 507 (8th Cir.1980)). Plaintiff does not allege that he is denied adequate opportunity for exercise, only that it is not outdoors. Such claim fails to state a constitutional violation.

As to plaintiff's claim regarding a lack of recreation equipment, defendants' failure to provide such equipment does not meet the deliberate indifference test enunciated in *Estelle*. 429 U.S. 97, 106. Nor does the lack of such equipment constitute an unlawful condition of confinement. *Anderson v. Coughlin*, 757 F.2d 33, 37 (2nd Cir.1985) (Lack of exercise equipment does not constitutes cruel and unusual punishment.). *See also Rhodes, v. Chapman,* 452 U.S. 337 (1981). Accordingly, plaintiff's claim as to this issue should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. Lack of caseworkers and social workers.

Plaintiff alleges that, because of the lack of caseworkers and social workers at Pemiscot County Justice Center, when his grandmother died, he was unable to contact his mother in

Texas. The Court is unable to determine what constitutional right plaintiff here asserts. While required to give the complaint a liberal construction, this Court is not required to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Plaintiff has not alleged a sufficient factual basis to support a finding that his constitutional rights were violated because of lack of access to caseworkers or social workers. Accordingly, plaintiff's complaint is legally frivolous as to this issue.

### 3. Visitation

Plaintiff's allegation that his right of visitation is restricted to the weekend fails to state a violation of his constitutional rights. The Court recognizes that "visitation rights are 'rights' with respect to which the Supreme Court has given broad discretionary authority to administrators in order to manage the prison." *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985) (citing *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869 (1983), *overruled on other grounds, Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995)). "Visitation is a privilege and within the correctional facility's province to administer as it sees fit." *Burke v. Rudnick*, 2000 WL 33339652, *3 (D.N.D. 2000). Thus, plaintiff's allegation that his right of visitation is restricted to the weekend fails to state a constitutional violation for deprivation of visitation privileges and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 4. Commissary privileges.

As to this issue, plaintiff's complaint again suffers from lack of sufficient factual allegations. He asserts, "[t]hey don't sell us any radio." It does not appear that plaintiff is alleging that he cannot have a radio in his cell but rather that there are no radios for sale in the commissary. Such claim fails to state a violation of plaintiff's constitutional rights. "Because the county provided

for the plaintiff's basic necessities (food, shelter, clothing, medical care, etc.), he had no protected property or liberty interest in commissary privileges." *Poole v. Stubblefield*, 2005 WL 2290450, slip op. at *2 (E.D.Mo. 2005) (quoting *Bennett v. Sheahan,* 1999 WL 967534, *4 (N.D.Ill.1999)). Plaintiff cannot "reasonably contend that the Constitution embodies some right of a prisoner to purchase anything he wants from the commissary while in the custody of the state." *Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F.Supp. 715, 718 (N.D.Ill.1995) (citing *Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673 (1986).

Plaintiff has no constitutionally protected interest in commissary privileges; accordingly, the complaint is legally frivolous as to this issue.

### 5. Smoking ban.

Plaintiff complains that defendants will not allow him to smoke. "There is no constitutional right to smoke in prison." *Grass v. Sargent*, 903 F.2d 1206, 1206 (8th Cir. 1990) (citing *Doughty v. Board of County Comm'rs,* 731 F.Supp. 423, 426 (D.Colo.1989)). A ban on smoking does not deprive plaintiff of "minimal civilized measure of life's necessities." *Id*. (citing *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399. Plaintiff's complaint that he is not allowed to smoke is "nothing more than a claim of infringement of a legal interest that does not exist." *Id*. (citing *Neitzke,* 490 U.S. at 319, 109 S.Ct. at 1833. Plaintiff has no constitutionally protected right to smoke in prison; accordingly, the complaint is legally frivolous as to this issue.

### 6. Adequate diet.

Plaintiff alleges that there is "no real breakfast or dinner." Prisons have an affirmative duty to provide their inmates with nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (citing *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985)). However, assuming

7

a diet's nutritional adequacy, prison officials have the discretion to control its contents. *See Divers v. Department of Corr.,* 921 F.2d 191, 194 (8th Cir. 1990).

Plaintiff has again made insufficient specific factual allegations to support his claim. He does not allege that he ever became ill after a meal or that he has lost weight while incarcerated. Defendants failure or refusal to serve plaintiff with his preferred diet does not violate plaintiff's constitutional rights. Plaintiff's claim fails to state a constitutional violation for deprivation of a nutritionally adequate diet and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C.    Appointment of counsel.**

The Court notes that plaintiff included a request for appointment of counsel in his complaint. The Court is of the opinion that plaintiff's sole remaining claim, that defendants have not allowed him to marry, is not so complex legally or factually as to require appointment of counsel at this time. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing factors considered by court in determining whether to appoint counsel). Additionally, based on plaintiff's complaint, it appears that he can adequately prosecute his claim for the foreseeable future. *Id.* Therefore, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.96 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2)

his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Tommy Greenwell and Bradley Swims shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 4th day of October, 2005.

_____
**UNITED STATES MAGISTRATE JUDGE**